UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-CR-20264-KING/BANDSTRA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JUNIOR SYLVIN, et al.

        Defendants.
_____/

**ALL DEFENDANTS' OBJECTION TO U.S. MAGISTRATE JUDGE
TED BANDSTRA'S REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO SEVER COUNTS**

COME NOW, all the Defendant herein, by and through their respective counsel and hereby jointly Object to U.S. Magistrate Judge Ted Bandstra's Report and Recommendation that this Honorable Court deny their Motion to Sever Counts. As grounds therefore Defendants state as follows:

1. All defendants were granted authorization to adopt defendant SYLVIN and STERLIN'S 's Motions to Sever Counts as well as their subsequent filings responding to the Government and the Brief ordered to be filed by this Honorable Court. All defendants hereby object to the findings of fact and conclusions of law contained in Judge Bandstra's Report and Recommendation (R & R) filed on October 7, 2009 under DE# 198.

2. As set forth in all of defendants' motions as well as the Indictment and Judge Bandstra's R & R, this case is charged as five (5) separate conspiracies some with the same defendants, some different. Some of the times alleged in the conspiracies are the same, some are different, the type of drugs in some are the same, some are different (cocaine powder vs. crack cocaine). Then, the Indictment charges an additional fourteen

(14) counts that involve some of the same defendants in the conspiracies and some that are not named therein. None of these individual counts are substantive counts alleging overt acts for any of the conspiracies.

    3. Initially, this Honorable Court held a preliminary hearing on the severance issue. At said hearing, all defendant's voiced their respective objections to a joint trial under the specifics of this Indictment in that this would require constant objections as to each and every telephone call attempted to be admitted by the Government. Each defendant would have a valid objection to each call in that there would be no relevance to conspiracies in which that particular defendant is not charged, hence, the call would not be in furtherance of that conspiracy and therefore inadmissible as to that defendant. The government has indicated that they intend to introduce approximately one hundred (100) phone calls. Hence, the number of objections to each call, by the remaining five (5) defendants in this case would be staggering and incomprehensible to a jury.

    4. At the preliminary hearing before this Honorable Court, defense counsel believed the Court also had concerns about how this matter would proceed and ordered all parties to brief the issue. Once the briefs were filed, this Honorable Court referred all of the pending motions to Judge Bandstra.

    5. In their Brief, the Government cited several cases for their proposition that this type of *multiple* conspiracy, multiple *non*-substantive charge indictment has been successfully tried together. Defendants responded and indicated that the cases cited by the Government had either been pled out and therefore not litigated, or were not even ripe for defense motions yet. The case that *had* gone through the trial and appellate process had been charged as a Continuing Criminal Enterprise (CCE) case. Defendants pointed

out in their brief that the law on CCE and RICO cases is different from simple conspiracy cases. In the CCE or RICO case all actions performed by all defendants go to the benefit of the Enterprise of Organization and therefore two (2) conspiracies were allowed in the case cited by the Government. (No case presented of any type authorized five (5) conspiracies and fourteen (14) non-substantive cases.

6. Judge Bandstra finds in his R & R at pg. 4 that "all of the drug charges, including all of the drug conspiracies, are part of the same acts or series of acts." The problem with this analysis is that some of the acts in the various conspiracies and non-substantive counts are alleged during the same time periods while others are alleged at completely different times, different and distinct from the others. Likewise, some of the participants in the conspiracy counts are the same, while others are different and this is also true for the non-substantive, non-overt act, count defendants. This begs the question that if these were the same series of acts and transactions, why were they not all charged together in one overall conspiracy during one set of dates with all defendants? The answer seems to be that they were not all the same acts or series of acts, or they would have been charged together.

7. Judge Bandstra finds that although the Government alleges this to be a "wheel" conspiracy, that that analogy is "better used in cases involving a single conspiracy with many individual defendants (the "spokes") having contact with a single defendant (the "hub") so that the Court looks for a "rim," ie. A common objective or goal, thereby evidence of a single conspiracy. R & R at pg. 5. ***This is exactly defendants point.*** Since the "rim" does not exist in this case (as found by Judge Bandstra) the five (5) different conspiracies cannot be tried together. Undersigned counsel recalls this Honorable Court

3

voicing this exact concern at the preliminary hearing by raising the "wheel" conspiracy cases as an example. Judge Bandstra cited case law at pg. 5 that states: "for a wheel conspiracy to exist, those people who form the wheel's spokes must have been aware of each other and must do so in furtherance of a single illegal enterprise otherwise the conspiracy lacks 'the rim of the wheel to enclose the spokes.' *This again, is defendant's point.* No evidence exists that the co-defendants knew of each others participation, there is no overall illegal enterprise (as exists in a CCE or RICO case) and therefore the Government cannot sidestep these thoroughly entrenched legal requirements by charging five (5) different conspiracies and fourteen (14) non-substantive counts.

Judge Bandstra substitutes his theory that the Government has alleged the same series of acts and transactions for the requirement that an overall comprehensive conspiracy be alleged and proved.

8. Judge Bandstra finds that the defendants (and we believe this Honorable Court's) concern that there will be an inordinate amount of defense objections to admissibility to the majority of the, at least, one hundred (100), can be cured by one overall preliminary objection. Defendants strenuously object to this proposition, arguing that they have an absolute right to make contemporaneous objections to each and every call that would be admissible to their respective clients. That no one standing objection could possibly cure the prejudice that will necessarily result from the attempted introduction of dozens of inadmissible calls to each of the defendants. Judge Bandstra candidly admitted that he doesn't have to try these types of cases and the defendants submit that this Honorable Court certainly *does*, and would be best suited to determine whether the case in this

instance, with this specific (untried) type of Indictment, could possibly result in a fair, comprehensible (to the jury) joint trial.

9. Judge Bandstra cites the *Wilson* case (at pg. 9 of his R &R) for the proposition that multiple conspiracy cases can be successfully tried together. *Wilson*, for the reasons set forth below, actually proves defendants' point. In addition to instructing the *Wilson* jury at the beginning and end of the trial, "Additionally, **throughout the course of the trial, the Court instructed the jury as to which count of the indictment a witnesses testimony was relevant, to what charge that count pertained, and which defendants were charged in that count**."

Considering that defendant SYLVIN is charged in multiple conspiracies, some of which contain some co-defendants and some of which contain others. Considering that some of the conspiracies are during one period of time while others are during a completely different period of time. Considering that the remaining fourteen (14) non-substantive counts involve some of the defendants charged in various conspiracies while others are not so charged. Considering that each defendant has an absolute right to object to each and every statement that is sought to be admitted by the Government but is not admissible as to them, and considering that it will be necessary to multiply the quantity of instructions times the five (5) defendants, to say this would be a *daunting* task, would clearly be an understatement.   The defendants submit, and have done so from the outset, that this is not possible without overwhelming confusion to the jury and therefore prejudice to each of them.

10. Lastly, *United States v. Wilson*, 894 F.2d 1245 (11th Cir. 1990) which Judge

5

Bandstra finds is the closest case on point and upon which he bases his R & R, involved a **Continuing Criminal Enterprise** in Count I of that Indictment. *As set forth above, and briefed below, CCE and RICO cases are <u>different</u> and specifically held to be so as it relates to joinder and severance.* Second, Counts 3 through 18 in *Wilson* alleged the *same continuing series* of violations by one defendant. Count 2 alleged a **Continuing Criminal Enterprise** wherein a second defendant was alleged to have, committed the *same continuing series of violations* in Counts 3 through 15 and a *third defendant was in all of the counts except one*.

> Applying this Rule 8(b) analysis to this case, we perceive no misjoinder of appellants Howard and Levine. The indictment contained eighteen counts. The first was a **continuing criminal enterprise** charge under 21 U.S.C.A. § 848 (1981) against defendant Leigh Ritch and **alleged that counts three through eighteen were part of the same continuing series of violations managed by Ritch**. *The second was a <u>continuing criminal enterprise</u> charge against Steven Kalish and alleged that counts three through fifteen were part of the same continuing series of violations managed by Kalish*. Levine was charged in counts four, five (the *Bobby M* Load) and seventeen and eighteen (the *Seamaid* Load) of the indictment; Howard was charged in counts seventeen and eighteen. **All of the offenses which make up the indictment are factually similar**: all of them involve the large-scale importation of marijuana and cocaine from Colombia into the United States. There is also a substantial, although not a complete overlap of participants: **Leigh Ritch is charged in every count, Kalish is charged in every count except seventeen and eighteen**, and **many defendants are charged in multiple counts.** We thus hold that initial joinder was proper under Rule 8. Wilson at 1253. (emphasis added).

10. Likewise, the 11th Circuit has held that the law on Continuing Criminal Enterprise/RICO cases is *different*. In the following 11th Circuit quote (from *U.S. v. Abbell*, 926 F. Supp. 1545 (S.D. Fla. 1996), distinguishing RICO type cases, the Court

6

specifically cites *Wilson*, the case cited by Judge Bandstra herein, indicating that their reasoning in both cases is based on the specific (**RICO/Continuing Criminal Enterprise**) charge alleged in the respective Indictments.

> **A RICO conspiracy count can be that "common thread**." *See, United States v. Phillips,* 664 F.2d 971, 1016 (5th Cir. Unit B Dec. 1981) (holding that RICO conspiracy count was the "common thread" tying together the various defendants in marijuana smuggling case), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982), and *cert. denied,* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166. In the instant case, the **RICO** conspiracy charge, which alleges that each defendant agreed to **further a racketeering enterprise** *through a pattern of racketeering activity*, presents the "common thread." **Whether Defendants Abbell and Moran, the two lawyer co-defendants, participated in the same acts as their non-lawyer co-defendants is unimportant, because the offenses of which they and the non-lawyer defendants are accused were allegedly committed in furtherance of the same goal-promoting and protecting the Cali Cartel's drug importation and distribution network**. To withstand a charge of misjoinder, the indictment need not indicate that each participant was involved in every phase of the venture, nor that each participant knew of the other participants' roles or identities. ***United States v. Wilson,* 894 F.2d 1245, 1253 (11th Cir.),** [citing *United States v. Andrews,* 765 F.2d 1491, 1496 (11th Cir.1985), *cert. denied,* 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986) ], *cert. denied,* 497 U.S. 1029, 110 S.Ct. 3284, 111 L.Ed.2d 792 (1990). Hence, there is no misjoinder in the present case. Abbell at 1549. (emphasis added).

In the case at bar, not only is there no RICO or CCE charged, but in some counts defendants are alleged to have conspired with each other, in other counts they are alleged to have conspired with others, in the non-conspiracy counts they are individually charged with separate acts that are not alleged to have been committed in furtherance of any of the conspiracies (ie. sole possession of narcotics or firearms, sale to non-conspirator

Confidential Informants, etc). Hence, **all of the offenses which make up the Indictment are *not* factually similar and there is no common thread (as in the cases that allege that each defendant is alleged to have been furthering a** Racketeering *Enterprise* or a Continuing Criminal *Enterprise*)**.**

11. No case has been cited by the Government or Judge Bandstra that would allow such a joint trial of a multiple conspiracy, multiple non-substantive (or non-overt act) count Indictment as is before the Court here.

WHEREFORE, all defendants, by and through their respective attorneys respectfully request this Honorable Court sever the conspiracy counts 1, 2, 3, 4 and 15 from each other and all remaining counts of the Indictment and that those counts be severed from each other.

Respectfully submitted on behalf of all defendants,

BARRY S. GREFF, ESQ.
1112 Weston Rd. Suite 207
Weston, FL 33326
(954) 384-0042

 __/s/__ *Barry S. Greff*_____
By BARRY S. GREFF
FL Bar No. 359963

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was furnished to all parties by ECF on October 14, 2009.

BARRY S. GREFF, ESQ.
1112 Weston Rd. Suite 207
Weston, FL 33326
(954) 384-0042

 __/s/__ *Barry S. Greff*_____
By BARRY S. GREFF
FL Bar No.359963