## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20264-CR-KING

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JUNIOR SYLVIN,
EMMANUEL OTHELLO,
NIKO THOMPSON,
ZIV BYTHOL,
TARVUS DANIELS,
FRANTZ STERLIN,
CHRIS VICTOR,
ERIC TAYLOR, and
GORDON LOUIS,

      Defendants.

_____/

## ORDER GRANTING MOTION TO SEVER

Oral argument on a myriad of motions and objections to several Report and

Recommendations of Magistrate Judge Ted E. Bandstra regarding a number of issues

raised in said motions, was held with all counsel for approximately three hours on

Wednesday, April 21, 2010. Review of the Magistrate's Report and Recommendations

was conducted *de novo* by the Court and oral argument was held with each party

submitting his respective position, on the filed motions and briefs considered at the

hearings held before Judge Bandstra, as well as the briefing and record compiled since

Judge Bandstra's original rulings on the several objections and appeals therefrom.[1]

The Court finds that the complexities and juror confusion of combining in a single trial, five separate conspiracies involving diverse alleged members of each conspiracy, conducted over three distinct and separate periods of time, mandate severance.

The time frames of the three separate conspiracies involve November 17, 2008 through January 8, 2009 (conspiracies alleged in Counts 1, 2 and 3); June 18, 2008 through December 8, 2008 (conspiracy alleged in Count 4); and September 2008 through April 2009 (conspiracy alleged in Count 15). The only common member alleged each of the five conspiracies is Defendant Junior Sylvin. Each of the other four alleged conspiracies of Counts 2, 3, 4 and 15 state various combinations of alleged members of the four conspiracies of persons, not identified as an alleged member of Count 1 (and/or each of the other alleged conspiracy counts). Combining the complexity of submission of evidence to a jury in an understandable and comprehensive fashion, with fairness to all parties, is the fact that the conspiracies alleged in the Superseding Indictment in Counts 3 and 4 name defendants who will not be present for the trial commencing on Monday, April 26, 2010 because they have either pled or are fugitives. For example, Count 3 is an alleged conspiracy between Sylvin, Bythol and Othello; Count 4 is between Sylvin and Daniels, leaving Sylvin the only existing alleged member of a conspiracy to be tried in each of those two counts.

---

[1]     Among the motions and objections to R&R considered *de novo* were defense motions to suppress the wire tap evidence, motion to suppress searches and seizures and motions to sever counts of the five-conspiracy, 15-substantive count Superseding Indictment.

Similarly, only Defendants Thompson and Louis are charged in Count 15 where Louis has pled and Thompson would be standing trial alone. With respect to Count 2, Sylvin and Thompson are the only defendants charged in that conspiracy and none of the other defendants in the remaining 18 counts are involved. Summarizing the overall five alleged conspiracies in the Superseding Indictment, the first conspiracy involves four defendants and 13 substantive counts, the second conspiracy alleges two defendants and two counts, the third conspiracy alleges one defendant in one count, the fourth alleges one defendant and one count, and the fifth alleges one defendant and one count. This analysis reflects the current status with deletion of those defendants who either have pled, have indicated will plead, or are fugitives.

The Defendants urge their entitlement to rely upon their right to a specific jury instruction telling the jury that the witness who is currently testifying is only testifying as to, for example, matters pertained to conspiracy Count 1, and that those involved in the other four conspiracies and 15 substantive counts should not be under consideration by the jury while the evidence pertaining to only those involved in the conspiracy in Count 1 is being presented. In simple terms, each time a witness is giving testimony about the Count 1 conspiracy, the defense would be entitled to an instruction to the jury that evidence should not be considered by any of the defendants except the four (Sylvin, Victor, Sterlin and Taylor) named in Count 1. It would have to be explained to the jury that this evidence may only be considered with reference to those four and they should not consider it with reference to Thompson, Louis, Bythol or Othello. Since the trial is

3

reasonably estimated to take several weeks, there would be blocks of time, from several hours to several days, where the evidence would be presented by the Government with respect to a single conspiracy count (i.e., Count 1) and the jury would be expected to "turn their minds off" with respect to the balance of the four defendants who are either not named in Count 1 and/or have pled or have become fugitives. This is asking the jury to undertake what is an extremely difficult responsibility. Remembering which defendant is named in which of the 20 counts, including five conspiracies, in a lengthy trial is asking more of lay jurors than can be reasonably be expected and that fairness and orderly processing of criminal trials demand.

The Government suggests, and the Magistrate agreed, that this matter could be taken care of by the presiding judge at the beginning and ending of the trial by telling the jury to only consider the evidence being offered by the various and numerous government witnesses, at such time as the jury is considering the each individual case, and each individual count, against each defendant, separately; and without giving consideration to the massive evidence they may have heard against different defendants in counts where an individual defendant is not in fact charged (and which obviously, the jury should not be considering against that defendant). The Government suggests that this instruction be given once at the beginning of a multi-week, lengthy trial and once at the end, in the jury instructions. The Government suggests, and the Magistrate agrees, that this would suffice to ensure a fair and balanced trial to all defendants being tried in a single substantial or massive case.

4

The Defendants quite properly suggest that they would be entitled to separate instructions for each Defendant when a given witness was testifying on counts in which that lawyer's client was not involved, telling the jury not to consider that particular evidence against his client.

Should the Court follow the recommendation of counsel for the Government and approve the recommendation of the Magistrate, the Court is convinced that this would be, in cumulative affect, substantial error. The repeated denials of such motions to instruct the jury would deprive those defendants against whom the ruling was made of a right rule established in the law of the Circuit and result in manifest injustice to such defendants.

It simply would not be fair to expect the jury to keep all of this multitude facts presented by different witnesses on different counts separate and apart, and not to consider those facts when determining the individual case, of an individual defendant, tried in this combined multi-defendant case. The Court obviously, having presided over hundreds of criminal trials, including many multiple-defendant, multiple-count lengthy cases, has no hesitancy or concern about either the number of defendants or the length of the trial. *U.S. v. Blasco*, 702 F.2d 1315 (11th Cir. 1983) involving a four-week trial of 29 defendants charged with importing 31,000 pounds of marijuana and the so-called "Black Tuna trial," *U.S. v. Phillips*, 664 F.2d 971 (5th Cir. 1981), involving 23 counts of separate trip importations of multiple ton quantities of marijuana, extending over a several year conspiracy, requiring 5 ½ months to try are but two of many examples of trials in which the Government has combined substantive and conspiracy counts in a combined single

5

indictment and single trial.

The Government's reliance upon the Eleventh Circuit 50-page *Baker* opinion, affirming Judge Moore's decision to proceed in a joint trial with 15 defendants in a 17-count indictment is misplaced. Careful reading of the opinion does not indicate that the Eleventh Circuit has taken a position of requiring trial judges to conduct a trial of multiple defendants, multiple conspiracies and multiple substantive counts in the choice and manner selected by the Department of Justice. It leaves the proper conduct for a fair and impartial trial to the presiding judge. Phrasing it in a slightly different manner one could say that, most certainly Judge Moore was affirmed in his decision to proceed with a 31-day trial over multiple defendants and multiple counts. This is not to say that he would have been reversed had he, in his best judgment as the proper procedure, elected to sever one or more counts. Also, it should be noted that the *Baker* case only involved two counts of criminal conspiracy (plus one RICO count), both conspiracy allegations alleging the same dates of the conspiracy. In the case here pending, there are five separate alleged conspiracies with multiple members in each conspiracy. This is unlike the *Baker* case where it appears that Counts 2 and 3 contained a list of the same alleged conspirators and the same time frame of the alleged conspiracies. This is a much more manageable situation than the one confronting the Court in the above-styled case. In any event, it certainly does not bar the decision, if it be made by the trial judge, to conduct more than one trial on severed counts and individual defendants, if the overwhelming prejudice and confusion to the jury would, in the result of the presiding judge, result in an

6

unfair trial.

In the judgment of the Court, and it so finds, any attempt to try, in a single case to a single jury, the multitude of facts, witnesses, and legal theories embodied in the 20 counts of the Superseding Indictment, as proposed by the Government, would result in mass confusion, which in all probability, would result in either a hung jury or a decision which has a potential of being manifestly unfair and unjust to both sides. If the jury is as confused as the Court finds that it may well be, given the present structure of the Superseding Indictment, neither side can get a fair and unprejudiced trial.

All of these matters were thoroughly discussed with all counsel at the hearing conducted on April 21, 2010 and the views of respective counsel for all parties was carefully considered by the Court. The Court does not take lightly its responsibility to give full faith to the Executive's decision to combine multiple defendants in multiple counts in a single indictment. The Court is sure that the Government has very carefully and thoughtfully structured this Indictment in a manner that it believes will be triable in a fair and just manner.

Neither does the Court take lightly its responsibility to try the cases brought before it by the Executive Department with fairness and justice for not only all those that are charged with criminal activity, but the Government and the citizens it represents. Balancing these factors, the Court is not convinced that presentation of the evidence to a lay jury on the Superseding Indictment as now pending before this Court would result in

7

a fair and just trial.[2] It is therefore,

ORDERED, ADJUDGED and DECREED that Defendants' Motion to Sever be, and the same is hereby GRANTED IN PART, as follows:

1.  Count 1 of the Superseding Indictment, alleging a conspiracy to possess with intent to distribute 500 grams of a detectable amount of cocaine, as alleged therein against Junior Sylvin, Chris Victor, Frantz Sterlin, and Eric Taylor; and Counts 5, 6, and 7 containing substantive allegations of possession with intent to distribute cocaine, knowingly possession of a firearm, and carrying a firearm during a drug trafficking crime as charged against Defendant Junior Sylvin, shall be tried before the undersigned judge commencing Monday, April 26, 2010 at 9:00 a.m.

2.  All remaining counts of the Superseding Indictment, namely, the counts of alleged conspiracy 2, 3, 4 and 15, as well as the 20 substantive counts, being Counts 8, 9, 10, 11, 12, 13, 14, 18, 19 and 20 alleged against various individual defendants be, and they are hereby severed from the Superseding Indictment and the trial referenced in th proceeding paragraph.

It is further ORDERED, ADJUDGED and DECREED that trials of those counts of conspiracy and substantive allegations against individual defendants shall be tried at a date to be ordered by the Court following the trial of Counts 1, 5, 6, and 7 commencing

---

[2]    The result, of separating the conspiracies into what may be as many as five separate trials is just as unappealing to the Court as it will be to the lawyers, the parties and the witnesses. It is, however, the proper, fair and just decision.

April 26, 2010.[3]

It is further ORDERED and ADJUDGED that all computable time under the Speedy Trial Act between the April 26, 2010 (date of commencement of those counts and defendants specified herein) of the remaining counts and defendants who are standing by in a severed category is found by the Court to be excludable time as required in the interest of justice and upon the motion of the defendants whose trials of the severed counts have been delayed.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 22nd day of April, 2010.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:     Magistrate Judge Ted E. Bandstra

        Russell Koonin, AUSA
        United States Attorney's Office

        **Counsel for Defendant Junior Sylvin:**
        Barry Steven Greff, Esq.
        1112 Weston Road
        Weston, FL 33326

---

[3] It is the usual practice of this judge, in those rare instances where there is a mistrial or a severance, to proceed immediately after the completion of the first trial on the next available Monday trial calendar. Counsel shall be aware of this practice and therefore hold themselves in readiness to proceed with these severed counts referenced in the above-styled Order promptly after completion of the trial commencing April 26, 2010.

9

**Counsel for Defendant Niko Thompson:**
David Antonio Donet , Jr., Esq.
Donet McMillan & Trontz
701 SW 27th Avenue
Suite 603
Miami, FL 33135

**Counsel for Defendant Ziv Bythol:**
Michael Gary Smith, Esq.
110 S.E. 6th Street
Suite 1970
Ft. Lauderdale, FL 33301

**Counsel for Defendant Tarvus Daniels:**
Gregory Antonio Samms, Esq.
225 Alcazar Avenue
Coral Gables, FL 33134

**Counsel for Defendant Frantz Sterlin:**
Jeffrey David Weinkle, Esq.
19 W Flagler Street
Suite 407
Miami, FL 33130

**Counsel for Defendant Chris Victor:**
Gregory Victor Chonillo, Esq.
Greg Chonillo PA
1501 Northwest 14th Street
Miami, FL 33125

**Counsel for Defendant Eric Taylor:**
Jan Christopher Smith , II, AFPD
Federal Public Defender's Office
150 W Flagler Street
Miami, FL 33130-1556

**Counsel for Defendant Gordon Louis:**
Robyn Michelle Blake, Esq.
Robyn M. Blake, P.A.
20295 N.W. 2nd Avenue
Suite 215
Miami, FL 33169