## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 09-20264-CR-KING

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JUNIOR SYLVIN,
EMMANUEL OTHELLO,
NIKO THOMPSON,
ZIV BYTHOL,
TARVUS DANIELS,
FRANTZ STERLIN,
CHRIS VICTOR,
ERIC TAYLOR, and
GORDON LOUIS,

      Defendants.

_____/

## ORDER DENYING MOTION TO SUPPRESS PHYSICAL EVIDENCE

The Report and Recommendation of the Magistrate Judge considering the Motion to Suppress of the Defendant Junior Sylvin to the items seized by law enforcement officers from the car he was driving on the evening of December 8, 2009, recommended denial, after full evidentiary hearing, upon the finding that law enforcement officers had probable cause to believe that the vehicle contained contraband at the time of its seizure. On this appeal and objection to the Magistrate's finding, the Court affirms the reasoning of the Magistrate on this issue. However, this Court, upon *de novo* review, concludes that there was an additional ground that was never presented to the Magistrate by the Defendant Sylvin or the Government which would bar the relief sought as a matter of

law. Neither the Defendant or the Government brought to the attention of the Magistrate the standing of the Defendant Sylvin's to raise a Fourth Amendment objection to the search, in the first instance. The Defendant did not prove, nor is there any evidence of record, that he had an "expectation of privacy" under the cases from the Eleventh and other Circuits requiring such a predicate showing. At the time the Defendant was stopped by law enforcement officers, he was the sole occupant of the Monte Carlo vehicle registered to a third-party to these proceedings, Jeanette Othello. The record is void of any evidence that the registered owner of the vehicle had given her permission to the Defendant Sylvin to use the car on the date the drugs and gun were found following the search. Case interpretation of the Fourth Amendment mandates a movant, seeking to suppress items seized from him to have been concealed in a place where he had a reasonable expectation of privacy. When the seizure is made during a warrantless search of a home, apartment, car, boat, etc., there must be a demonstration that the Defendant either owned, leased, or had been given expressed permission by the person who owned or leased the premises for the moving party to be an occupancy at the time of the seizure. Failure to establish this point renders the protection of the Fourth Amendment against warrantless searches unavailable to such a movant. Such a person, operating a car for example, as occurred in this case, who cannot demonstrate that he owned, leased or had permission to use the automobile has no standing to raise a Fourth Amendment objection. U.S. v. Rakas, *439 U.S. 128 (1978); U.S. v. Owen*, 203 Fed. Appx. 997 (11th Cir. 2006); *U.S. v. Miller*, 821 F.2d 546 (11th Cir. 1987).

2

In the case at bar, the Defendant failed to allege or prove that he had permission to be driving the car owned by Jeanette Othello.[1]  It is therefore,

ORDERED, ADJUDGED and DECREED as follows:

1)      That the Report and Recommendation of October 2, 2009 **(D.E. #193)** be, and the same is hereby **AFFIRMED and ADOPTED**.

2)      Defendant Sylvin's Motion to Suppress Evidence **(D.E. #140)** be, and the same is hereby **DENIED** after *de novo* review.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 23rd day of April, 2010.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:     Magistrate Judge Ted E. Bandstra

Russell Koonin, AUSA
United States Attorney's Office

**Counsel for Defendant Junior Sylvin:**
Barry Steven Greff, Esq.
1112 Weston Road
Weston, FL 33326

---

[1]      At the Evidentiary Hearing, witnesses testified that the Defendant Sylvin had been seen driving this car on prior occasions.  This does not however, establish with the requisite proof that he had permission from the owner to be driving the car.

**Counsel for Defendant Niko Thompson:**
David Antonio Donet , Jr., Esq.
Donet McMillan & Trontz
701 SW 27th Avenue
Suite 603
Miami, FL 33135

**Counsel for Defendant Ziv Bythol:**
Michael Gary Smith, Esq.
110 S.E. 6th Street
Suite 1970
Ft. Lauderdale, FL 33301

**Counsel for Defendant Tarvus Daniels:**
Gregory Antonio Samms, Esq.
225 Alcazar Avenue
Coral Gables, FL 33134

**Counsel for Defendant Frantz Sterlin:**
Jeffrey David Weinkle, Esq.
19 W Flagler Street
Suite 407
Miami, FL 33130

**Counsel for Defendant Chris Victor:**
Scott William Sakin, Esq.
1411 NW North River Drive
Miami, FL 33125

**Counsel for Defendant Eric Taylor:**
Jan Christopher Smith , II, AFPD
Federal Public Defender's Office
150 W Flagler Street
Miami, FL 33130-1556

**Counsel for Defendant Gordon Louis:**
Robyn Michelle Blake, Esq.
Robyn M. Blake, P.A.
20295 N.W. 2nd Avenue
Suite 215
Miami, FL 33169