UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:09-cr-20264-JLK-1

UNITED STATES OF AMERICA,

v.

JUNIOR SYLVIN,

    Defendant.
_____/

**ORDER DENYING MOTION TO REDUCE SENTENCE**

    THIS CAUSE comes before the Court on Defendant Junior Sylvin's Motion to Reduce Sentence (the "Motion") (DE 706), filed September 25, 2020. The Court has also considered the Government's Response in Opposition (DE 710), filed October 9, 2020, and Sylvin's Reply (DE 711), filed October 15, 2020.

**I.    BACKGROUND**

    On July 21, 2010, Sylvin was convicted of five offenses: conspiracy to possess with intent to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base (21 U.S.C. § 846, Count 1); unlawful possession with intent to distribute 500 grams or more of cocaine (21 U.S.C. § 841(a)(1), Count 5); unlawful possession of a firearm by a convicted felon (18 U.S.C. § 922, Count 6); possession of a firearm in the furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A), Count 7); and possession with intent to distribute a detectable amount of cocaine (21 U.S.C. § 841(a)(1), Count 14). DE 371. Sylvin's current sentence is 211 months imprisonment. DE 371; DE 583. He now moves this Court to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582 based on "extraordinary and compelling reasons" resulting from the COVID-19 pandemic. *See generally* Mot.

## II.   LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides, in pertinent part, that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction" and if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. According to the Sentencing Commission's policy statement, "extraordinary and compelling reasons" may exist when the defendant suffers from (1) a "terminal illness" or (2) a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

## III.  DISCUSSION

In the Motion, Sylvin argues that he should be released for "extraordinary and compelling reasons" resulting from the COVID-19 pandemic. *See generally* Mot. Specifically, Sylvin argues that the conditions of confinement at Butner Low CI (where he is housed) "create the ideal environment for spread" of the coronavirus, posing a health risk to himself and other prisoners alike. *Id.* In response, the Government argues that "[Sylvin's] BOP medical records are void of any conditions that increased his risk of severe illness from COVID-19, and he has not identified any medical conditions, let alone one that falls within the categories specified in the policy statement's application note." Gov.'s Resp. at 13.

While the Court acknowledges the danger that many prisoners face with COVID-19,[1] Sylvin has not identified any underlying health conditions that make him more vulnerable to severe illness, even if he did contract the virus. Moreover, Sylvin is only thirty-seven years old. Mot. at 9. As a result, he is not suffering from a "terminal illness," a "serious physical or medical condition," or any other impairment that would constitute an "extraordinary and compelling reason" meriting a reduction in his term of imprisonment. U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *see also United States v. Haney*, 19-cr-541 (JSR), 2020 WL 1821988, at *5 (S.D.N.Y. Apr. 13, 2020) (denying compassionate release for 61-year-old prisoner who was "in reasonably good health"). Sylvin's Motion for Compassionate Release should be denied on that basis alone.

Additionally, the statutory sentencing factors at § 3553(a) militate against granting his Motion. The Court recognizes the severity of Sylvin's underlying criminal conduct, including his role as the leader of an illegal narcotics organization. After careful consideration, the Court is not satisfied that the safety of the public will be adequately protected if Sylvin were to be released at

---

[1] On March 26, 2020, U.S. Attorney General William Barr instructed the Bureau of Prisons ("BOP") to consider placing some prisoners on home confinement to mitigate the spread of COVID-19 within the federal prison population. Among other things, the BOP was instructed to consider "[t]he age and vulnerability of the inmate to COVID-19, in accordance with the Centers for Disease Control and Prevention (CDC) guidelines." *See* Memorandum for Director of Bureau Prisons, William Barr, Attorney General, Prioritization of Home Confinement as Appropriate in Response to the COVID-19 Pandemic (Mar. 26, 2020). The CDC has explained that "older adults" and "people with underlying medical conditions" are at a greater risk of becoming seriously ill should they contract the virus, potentially requiring hospitalization, intensive care, and/or a ventilator to help them breathe. *See* Ctrs. for Disease Control and Prevention, *People At Increased Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited October 19, 2020).

this time. *See* U.S.S.G. § 1B1.13(2) (explaining that a court may reduce a term of imprisonment only if the defendant "is not a danger to the safety of any other person or to the community.").

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that Defendant's Motion to Reduce Sentence **(DE 706)** be, and the same is, hereby **DENIED.**

**DONE AND ORDERED** in chambers at the James Lawrence King Federal **Justice** Building and United States Courthouse, Miami, Florida, this 19th day of October, 2020.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　JAMES LAWRENCE KING
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


cc:  All Counsel of Record